IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **PerfectVision Manufacturing, Inc.** | **PLAINTIFF** |
| V. | Case No. 4:12-cv-623 (JLH) |
| **PPC Broadband, Inc., d/b/a PPC** | **DEFENDANT** |

E-DISCOVERY ORDER

By agreement of the parties and for good cause shown, it is hereby ORDERED as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"), and attachments thereto. Instead, email and other forms of electronic correspondence, and attachments thereto, shall be collected in accordance with Paragraphs 6 through 9 of this Order, and produced within 30 days following service of search terms for a particular custodian, unless

otherwise agreed to by the parties in writing. The parties further agree not to object to any good faith request for an additional reasonable amount of time to make a production.

6.  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

7.  Each requesting party shall agree that production requests requiring email production be limited to a total of eight custodians per producing party for all such requests. Each requesting party may review responsive documents from a subset of custodians and later identify additional custodians for a supplemental production so long as the total custodians do not exceed seven. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon a showing of distinct need based on the size, complexity, and issues of this specific case. Should a party request email production for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

8.  Each requesting party shall agree that production requests requiring email production be limited to a total of eight search terms per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms, upon a showing of distinct need based on the size, complexity, and issues of this specific case. Each party may submit its proposed terms to the responding party to perform searches and report the number of responsive documents before the final terms are agreed to. Each requesting party may review responsive documents from a subset of search terms and later identify additional search terms for a supplemental production so long as the total search terms do not exceed eight. The search terms shall be narrowly tailored to particular

issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party request email production using search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

9. ESI should generally be produced with Concordance/Opticon load files and the following file formats:

   a. Single page, Group IV TIFFs (1 bit, black and white) for e-mail and Word documents; and

   b. Single page, JPEG images for PDF, presentation (*e.g.*, PowerPoint), and other graphic files.

10. ESI shall be produced with any available extractable text at the document level (*i.e.*, not per page), and OCR data shall be provided for ESI that does not contain extractable text.

11. All spreadsheet documents (*e.g.*, Excel, CSV, etc.) shall be produced in native format with a spacer image sheet indicating same. The original file names of such documents shall be preceded with the same Bates number and designation (if any) shown on the spacer image sheet.

12. Alternatively, spreadsheet documents may be produced as pre-formatted TIFF images in printable format. If a party elects to produce spreadsheet documents in this format, metadata must be preserved and the producing party must review the documents at issue in advance of production and ensure that excess blank pages or pages containing partial spreadsheet images are not included within the production set. A producing party that fails to comply with these requirements must produce such spreadsheet documents in native format, as specified in Paragraph 13, upon request by a receiving party.

13. ESI productions of imaged data shall include the metadata field information defined in Schedule A, attached hereto, where such metadata information is present in the document(s) being produced.

14. Each document shall have a unique file name, which shall be the Bates number of that page or the page range of the document. The Bates number must appear on the face of each page, in the lower right corner.

15. In the interest of reducing any unnecessary costs associated with reviewing and producing duplicative ESI, the parties are not required to produce duplicates of electronic documents, identified by MD-5 or SHA-1 algorithms, stored in different locations. Thus, a party may provide a single copy of a document although the document was distributed to multiple recipients. The parties reserve the right to request that the producing party disclose custodian information for particular documents.

16. The parties shall make reasonable efforts to preserve parent-child relationships (the association between an attachment and its parent document).

17. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

18. Pursuant to Federal Rule of Evidence 502(b), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

19. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**DATED**: July 3, 2014

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

| DAVIDSON LAW FIRM | HISCOCK & BARCLAY, LLP |
|---|---|
| By: /s David L. Gershner | By: /s Douglas J. Nash |
| Charles D. Davison, AR BIN 73026<br>David L. Gershner, AR BIN 2011168 | Douglas J. Nash *(pro hac vice)*<br>John D. Cook *(pro hac vice)*<br>Mark Eric Galvez *(pro hac vice)*<br>Jason C. Halpin *(pro hac vice)* |
| Post Office Box 1300<br>Little Rock, AR 72203<br>Phone: (501) 374-9977<br>Fax: (501) 374-5917<br>E-mail: davidg@dlf-ar.com<br>E-mail: skipd@dlf-ar.com | One Park Place<br>300 South State Street<br>Syracuse, New York 13202<br>Tel: (315) 425-2828<br>Fax: (315) 703-7364<br>E-mail: dnash@hblaw.com<br>E-mail: jcook@hblaw.com<br>E-mail: mgalvez@hblaw.com<br>E-mail: jhalpin@hblaw.com |
| -and- | -and- |
| John R. Horvack, Jr.<br>CARMODY TORRANCE SANDAK HENNESSEY LLP<br>195 Church Street<br>New Haven, CT 06509<br>Phone: (203) 784-3120<br>E-mail: JHorvack@carmodylaw.com | John K. Baker, jbaker@mwlaw.com<br>Alex T. Gray, agray@mwlaw.com<br>MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas 72201<br>Telephone: (501) 688-8800   (501) 688-8800<br>Facsimile: (501) 688-8807   (501) 688-8807 |
| *Attorneys for Plaintiff*<br>PerfectVision Manufacturing, Inc. | *Attorneys for Defendant*<br>PPC Broadband, Inc. |

## SCHEDULE A

## METADATA FIELDS

| FIELD NO. | FIELD NAME | DESCRIPTION |
|---|---|---|
| 1 | BEGDOCNO | Bates number associated with the first page of a document. |
| 2 | ENDDOCNO | Bates number associated with the last page of a document. |
| 3 | ATTACHRANGE | Attachment range for parent and children. The range should start with the BEGDOCNO of the parent and end with the ENDDOCNO of the last child. |
| 4 | CUSTODIAN | Person, organization, or department from whom materials were collected. |
| 5 | AUTHOR | Email message "From" data or user/author name associated with electronic files. |
| 6 | RECIPIENT | Recipients of an email message. |
| 7 | CC | Recipients of carbon copies of an email message. |
| 8 | BCC | Recipients of blind copies of an email message. |
| 9 | MAILSUBJECT | Information from the subject line of an email message. |
| 10 | MAILDATE | Sent date of an email message. Must be in mm/dd/yyyy format. |
| 11 | MAILTIME | Sent time of an email message. Must be in military format. |
| 12 | HASHVALUE | The hash value or "de-duplication key" assigned to a document. The parties will use the MD5 hash value for this unique identifier. |
| 13 | FILENAME | The original file name of native file. Contains subject of email message for email records. |